IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

TAWNASKA BOSTIC and T.B.,       *
                                *
        Plaintiffs,             *
                                *
    v.                          *        CV 112-082
                                *
MICHAEL J. ASTRUE, Commissioner *
of Social Security,             *
                                *
        Defendant.              *

**O R D E R**

Presently pending before the Court are Plaintiff's motion for reconsideration and motion for recusal. (Doc. no. 8.) For the reasons set forth below, these motions are **DENIED**.

**I. BACKGROUND**

On May 24, 2012, Plaintiff filed suit *pro se* and on behalf of her minor daughter seeking judicial review of a decision of the Social Security Administration. (Doc. no. 1, Ex. A.) On June 27, 2012, this Court issued an Order requiring Plaintiff to show cause as to why her case should not be dismissed for improper representation because non-attorney parents cannot proceed *pro se* on behalf of their children. (Doc. no. 4.) On July 19, 2012, Plaintiff responded to the Court's Show Cause Order and requested

that the Court appoint an attorney to represent her daughter in this action. (Doc. no. 5.)

The Court subsequently dismissed Plaintiff's case without prejudice on the ground that Plaintiff failed to comply with the Show Cause Order. (Doc. no. 6.) Moreover, the Court denied Plaintiff's request for an attorney because her Complaint did "not present facts and legal issues so novel and complex as to constitute exceptional circumstances warranting appointment of counsel." (Id. at 2.)

Plaintiff's current motion seeks reconsideration of the Court's Order dismissing her case. Plaintiff also asserts that she was treated unfairly and thus asks that her case be reassigned to a different judge.

## II. MOTION FOR RECONSIDERATION

Under Rule 59(e), a party may seek to alter or amend a judgment in a civil case within twenty-eight days after the entry of the judgment. "[R]econsideration of a previous order is 'an extraordinary remedy, to be employed sparingly.'" Williams v. Cruise Ships Catering & Serv. Int'l, N.V., 320 F. Supp. 2d 1347, 1358 (S.D. Fla. 2004) (citation omitted). A movant must "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Cover v. Wal-Mart Stores, Inc., 148 F.R.D. 294, 294 (M.D. Fla. 1993) (citation omitted).

Although Rule 59(e) does not set forth the grounds for relief, district courts in this Circuit have identified three grounds for reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. See, e.g., Ctr. for Biological Diversity v. Hamilton, 385 F. Supp. 2d 1330, 1337 (N.D. Ga. 2005); Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Ga. 1994).

"Motions for reconsideration should not be used to raise legal arguments which could and should have been made before the judgment was issued." Lockard v. Equifax, Inc., 163 F.3d 1259, 1267 (11th Cir. 1998). Further, Rule 59(e) "is not a vehicle for rehashing arguments already rejected by the court or for refuting the court's prior decision." Wendy's Int'l v. Nu-Cape Const., Inc., 169 F.R.D. 680, 686 (M.D. Ga. 1996).

Plaintiff has not set forth any grounds for relief under Rule 59(e) to justify a finding that the Court should alter its previous Order. As noted above, a motion for reconsideration is not a vehicle for refuting the Court's prior decision, and Plaintiff's motion is an attempt to do just that. Plaintiff has not presented any evidence of an intervening change of law. Instead, she argues that when a party does not have counsel, "the Court can sometime [sic] appoint counsel . . . like in a criminal case." (Doc. no. 8 at 1.)

Plaintiff is correct that in criminal cases, the Court will appoint counsel if it is satisfied that the defendant is financially unable to obtain counsel. See 18 U.S.C. § 3006a(b). However, the present action is not a criminal case, but rather a *civil* case in which Plaintiff seeks a review of a decision of the Social Security Administration. As explained in the Court's prior Order, a plaintiff in a *civil* case does not have a constitutional right to counsel, and the Court should appoint counsel *only* in exceptional circumstances. Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999). "Exceptional circumstances" include the presence of "facts and legal issues [which] are so novel or complex as to require assistance of a trained practitioner." Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993).

The Court previously found that Plaintiff's Complaint did not present facts and legal issues so novel and complex as to constitute exceptional circumstances warranting appointment of counsel, and Plaintiff failed to present any evidence to establish that such a conclusion was erroneous. The Court reiterates that Plaintiff is free to pursue this case so long as she obtains an attorney to represent the interests of her minor child. In conclusion, the Court notes that it has thoroughly considered the issues that form the basis of its prior ruling and finds neither a reason nor a legal basis for reconsidering the decision to dismiss this case.

### III. MOTION FOR RECUSAL

Plaintiff also asks the Court to reassign this case to a different judge. This request has been construed as a motion for recusal. Recusal is governed by 28 U.S.C. §§ 144 and 455. <u>Jones v. Commonwealth Land Title Ins. Co.</u>, 459 Fed. Appx. 808, 810 (2012). Under § 144, a judge must recuse himself when a party to a district court proceeding "files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. "To warrant recusal under § 144, the moving party must allege facts that would convince a reasonable person that bias actually exists." <u>Christo v. Padgett</u>, 223 F.3d 1324, 1333 (11th Cir. 2000). Section 455(a) instructs a federal judge to disqualify himself if "his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The standard of review for a Section 455(a) motion is "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality," <u>Parker v. Connors Steel Co.</u>, 855 F.2d 1510, 1524 (11th Cir. 1988). Any doubts must be resolved in favor of recusal. <u>United States v. Kelly</u>, 888 F.2d 732, 744 (11th Cir. 1989).

Here, Plaintiff has not filed an affidavit with the Court, and therefore § 144 may not serve as a basis for recusal. With regard to recusal under § 455, Plaintiff bases her motion on her

5

disagreement with my prior ruling in this case. However, disqualification "may not be predicated on the judge's rulings in the instant case or in related cases." Deems v. C.I.R., 426 Fed. Appx. 839, 843 (11th Cir. 2011) (citing Phillips v. Joint Legis. Comm. on Performance and Expenditure Review of the State of Miss., 637 F.2d 1014, 1020 (5th Cir. 1981)). Moreover, adverse rulings do not constitute pervasive bias. See Hamm v. Members of Bd. of Regents of State of Fla., 708 F.2d 647, 651 (11th Cir. 1983). Because Plaintiff has not put forth any evidence raising doubts as to my impartiality, I decline to recuse myself from the present action.

### IV. CONCLUSION

Based on the foregoing, Plaintiff's motion for reconsideration and motion for recusal (doc. no. 8) are **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this __31st__ day of July, 2012.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA